**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CIRIDELKIS CARABALLO FROMETA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1842-G** |
| **CHRIS GANTT, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ciridelkis Caraballo Frometa, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). Doc. 1. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. For the reasons set forth below, the undersigned recommends that the Court dismiss this action without prejudice due to Petitioner's failure either to pay the filing fee or to file a motion to proceed in forma pauperis.

## I. Discussion

Upon initial review, the Court determined that "Petitioner must cure two deficiencies before this action can proceed." Doc. 5 at 1. First, because Petitioner had failed to name any Respondent in his Petition, the Court ordered Petitioner to file an amended petition that named his immediate custodian as a respondent. *Id.* at 1-2. Second, Petitioner had not paid the required filing fee. The Court ordered Petitioner either to pay

the required $5.00 filing fee or, alternatively, to file a motion to proceed in forma pauperis. *Id.* at 2. On July 29, 2026, the Court ordered Petitioner to cure the two deficiencies not later than August 19, 2026, and warned that "failure to cure these deficiencies may result in dismissal of this action." *Id.* (citation modified); *see also* LCvR3.2(b) (mandating payment of filing fee "or the matter may be subject to dismissal without prejudice").

The Court directed the Clerk of Court to send Petitioner the necessary forms to comply with the Order. Doc. 5 at 2. The docket indicates via ECF Staff Notes that the Clerk of Court mailed the Order and necessary forms to Petitioner at Cimarron Correctional Facility, the address listed on his petition.

On August 17, 2026, Petitioner filed an Amended Petition that named his immediate custodian and other federal respondents. Doc. 6. Petitioner, though, has failed to comply with the Order to pay his filing fee or to file a motion to proceed in forma pauperis. He has also failed to show good cause for his failure to comply or to request an extension of time in which to comply.

A court has the inherent authority to manage its own affairs, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), and it may dismiss an action if a litigant "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link*, 370 U.S. at 630-31 (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). Petitioner's pro se status does not exempt him from following the rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants" (internal

quotation marks omitted)). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 631.

Petitioner's failure to comply with the Court's Order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by **September 14, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of August, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE